IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOLLY RADWANSKI | : | Case No.  2:23-cv-461 |
| 101 East Christie Avenue | : | |
| Butler, PA 16001 | : | |
| | : | |
| Plaintiff, | : | COMPLAINT |
| | : | |
| vs. | : | FILED ON BEHALF OF: |
| | : | Plaintiff, Holly Radwanski |
| BUTLER COUNTY, PENNSYLVANIA | : | |
| 124 West Diamond Street, 5th Floor | : | COUNSEL OF RECORD FOR |
| Butler, PA 16001 | : | PARTY: |
| | : | Neal A. Sanders, Esquire |
| Defendant. | : | PA ID No. 54618 |
| | : | Law Offices of Neal A. Sanders |
| | : | 262 South Water Street, Suite 200 |
| | : | Kittanning, PA 16201 |
| | : | lonas@earthlink.net |
| | : | (724) 919-8884 |
| | : | |
| | : | JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff, Holly Radwanski, complaining of Butler County, Pennsylvania, alleges as follows:

**PARTIES**

1. Plaintiff, Holly Radwanski, is an individual citizen who currently resides at 101 East Christie Avenue, Butler, Pennsylvania 16001.

2. Defendant, Butler County, Pennsylvania, is a political subdivision organized under the laws of the Commonwealth of Pennsylvania. Defendant, Butler County, Pennsylvania, has administrative offices located at 124 West Diamond Street, Butler, Pennsylvania 16001.

## STATUTES AND VENUE

3. This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §621 et seq.

4. Jurisdiction over this action is conferred upon this Court by 29 U.S.C. §626(c) and 28 U.S.C. § 1331.

5. Venue is properly laid in the Western District of Pennsylvania because all transactions and occurrences which give rise to this action occurred within this District.

## COUNT I
## ADEA
## Age Discrimination - Hostile Work Environment

6. Defendant is an employer within the meaning of the ADEA, 29 U.S.C. § 630(b)(2) which includes within the definition of employer "a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency..."

7. At all times relevant hereto, Plaintiff, who was born in 1979, was a member of the class protected under the provisions of the ADEA by reason of her age.

8. On or about May 27, 2014, Plaintiff was hired by the Defendant as Second Deputy in the Prothonotary's office.

9. On June 17, 2017, Plaintiff transferred to the District Attorney's office as a Clerk Typist II.

10. When Plaintiff transferred from the Prothonotary's office to the DA's office in 2017, she did not experience any loss of wages/ reduction in rate of pay.

11. On January 1, 2020, Plaintiff, with the support and recommendation of newly elected Prothonotary Kelly Ferrari, transferred back to the Prothonotary's office in the position of First Deputy.

12. At all times relevant hereto, Plaintiff was fully qualified for the positions of Second Deputy, First Deputy and Clerk II.

13. In mid-2021, Ms. Ferrari began to dramatically increase Plaintiff's workload until it became impossible to complete all work assignments. Substantially younger employees in the Prothonotary's office did not have their workloads increased.

14. In mid-2021, Ms. Ferrari began to criticize Plaintiff on nearly a daily basis for failing to complete the vastly increased quantity of work she had been assigned.

15. By reason of the foregoing, the Defendant, acting through its servants, agents and employees, knowingly permitted and created a hostile work environment because of Plaintiff's age. The harassment and disparate treatment was sufficiently severe to alter the terms and conditions of Plaintiff's employment.

16. As a result of the hostile working environment, Plaintiff has suffered stress, insomnia, extreme anxiety and depression.

17. A reasonable person in Plaintiff's position would have been adversely affected by the disparate treatment and hostile work environment.

18. The foregoing acts were carried out by individuals with actual authority over Plaintiff, such that there is a basis for vicarious liability.

19. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered humiliation, embarrassment, loss of self-esteem, and adverse health effects.

20. Prior to filing this action, Plaintiff filed a charge alleging unlawful discrimination on the basis of age with the Equal Opportunity Commission (EEOC) and Pennsylvania Human Relations Commission (PHRC). A "right to sue" letter was issued by the EEOC with respect to this charge

on December 19, 2022. A true and correct copy of this letter is attached hereto as Exhibit 1. The PHRC is continuing to investigate this matter for the remainder of the one year period mandated by 43 P.S. § 962(c)(1).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff compensatory damages for humiliation, embarrassment and loss of self-esteem, and adverse health effects, and reasonable costs and attorney's fees.

## COUNT II
## ADEA
### Constructive Discharge - Age Discrimination

21. Plaintiff incorporates by reference all averments and allegations from Paragraphs 6 through 20 as though the same were set forth herein at length and made a part hereof.

22. On January 1, 2022, Plaintiff transferred back to the DA's office in the position of legal assistant in order to get away from the hostile work environment in the Prothonotary's office, as set forth in Count I hereof.

23. After Plaintiff transferred to the DA's office in January 2022, Plaintiff's duties were divided up in the Prothonotary's office by Grant Gabal, Anna Chiprean and Jessica Rovito, who are substantially younger than Plaintiff.

24. Unlike the transfer in 2017, which did not result in a change in wages, Plaintiff's wages were reduced by approximately $25,000 after the January 1, 2022 transfer, a fact of which she was unaware until after the transfer was complete.

25. Plaintiff complained about having her wages cut effectively in half, and with the support and assistance of the District Attorney, Richard Goldinger, Plaintiff's new boss, Goldinger on Plaintiff's behalf had the issue addressed with Human Resources on February 11, 2022 and February 14, 2022.

26. At the Salary Board's Meeting in March 2022, the Defendant's Salary Board determined that Plaintiff should be treated as a new hire under the Collective Bargaining Agreement, i.e. an individual who had been hired in or after 2019, and refused to change her wages.

27. At the time of the Salary Board's March 2022 Meeting, Plaintiff had been employed continuously by the Defendant from May 27, 2014, without any breaks in service.

28. Because her wages had been reduced by approximately half, from $54, 155 per year to $16.91 per hour, Plaintiff was unable to meet her expenses. Accordingly, Plaintiff was compelled to resign effective May 20, 2022.

29. A reasonable person in the same or similar conditions would have felt compelled to resign or retire from his or her employment.

30. By subjecting Plaintiff to a hostile work environment because of her age while Plaintiff was employed within the Prothonotary's office and drastically reducing her wages when she transferred to the DA's office to remove herself from the hostile environment, the Defendant constructively discharged Plaintiff on May 20, 2022. In doing so, the Defendant violated the ADEA.

31. As the direct and proximate result of the Defendant's actions set forth above, the Plaintiff has suffered loss of wages, loss of pension benefits, loss of insurance benefits, loss of other fringe benefits, loss of the opportunity to continue the gainful employ in which she had been engaged, loss of future earnings and front pay, humiliation, embarrassment, loss of self-esteem, and adverse health effects and loss of time and money in endeavoring to protect herself from Defendant's unlawful discrimination, including the costs and reasonable attorney's fees of this action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant and award Plaintiff back pay, front pay until Plaintiff reaches

normal retirement age in 2046, compensation for lost fringe benefits, compensatory damages for humiliation, embarrassment and loss of self esteem, and reasonable costs and attorney's fees.

## COUNT III
## ADEA
## Age Discrimination in Compensation

32. Plaintiff incorporates by reference all averments and allegations from Paragraphs 6 through 31 as though the same were set forth herein at length and made a part hereof.

33. At the time that Plaintiff's wages were reduced by approximately half, similarly situated, substantially younger individuals, including Grant Gabal, Anna Chiprean and Jessica Rovito, were compensated at a higher rate than Plaintiff despite having the same or less years of service in the employ of the Defendant.

34. By compensating Plaintiff in the DA's Office at a lower rate than similarly situated, substantially younger employees, the Defendant violated the ADEA.

35. As the direct and proximate result of the Defendant's actions set forth above, Plaintiff has lost wages in the amount of the differential between her wages, $16.91 per hour, and the average wages of similarly situated, substantially younger employees for the time period of January 1, 2022 through May 20, 2022, and front pay through 2046.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendant in the amount of the differential between her wages, $16.91 per hour, and the average wages of similarly situated, substantially younger employees for the time period of January 1, 2022 through May 20, 2022, and front pay through 2046.

                                                Respectfully submitted,

                                                LAW OFFICES OF NEAL A. SANDERS

Dated: March 16, 2023                     By:/s/Neal A. Sanders
                                                Neal A. Sanders, Esquire
                                                PA ID No. 54618
                                                Counsel for Plaintiff,
                                                Holly Radwanski

                                                Law Offices of Neal A. Sanders
                                                262 South Water Street, Suite 200
                                                Kittanning, PA 16201
                                                lonas@earthlink.net
                                                (724) 919-8884